```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - x
LISA GHARTEY, Candidate,                       :

                Plaintiff,                     :

     -against-                                 :   COMPLAINT FOR
                                                   DECLARATORY AND
TRACY MACKENZIE, Candidate,                    :   INJUNCTIVE RELIEF
MICHAEL MCCORMICK, Objector,
PETER S. KOSINSKI, DOUGLAS A. KELLNER,          :
GREGORY P. PETERSON and ANDREW J. SPANO,
in their Official Capacities as                :
Commissioners Constituting the New York
State Board of Elections, and                  :
MARCO CAVIGLIA and ERIK HAIGHT,
in their Official Capacities as                :
Commissioners Constituting the Dutchess
County Board of Elections,                     :

                Defendants.                    :
- - - - - - - - - - - - - - - - - - - - - - - x
```

Plaintiff, LISA GHARTEY, by her attorney, Alexander E. Eisemann, complains of the defendants and respectfully shows to the Court as follows:

1.  Plaintiff, LISA GHARTEY, challenges the validity under the Constitution of the United States of Section 6-132 of New York State's Election Law which governs who can carry petitions.

### PARTIES

2.  Plaintiff LISA GHARTEY is a candidate for Judge of the Family Court in Dutchess County and has been nominated by the requisite number of signatures on Independence Party petitions to place her on the ballot for the Independence Party primary on September 10, 2015. Plaintiff resides in Dutchess County, New York.

3. Defendant TRACY MACKENZIE is a candidate for Judge of the Family Court in Dutchess County and has been nominated by signatures on Independence Party petitions to place her on the ballot for the Independence Party primary on September 10, 2015. Defendant TRACY MACKENZIE resides in Dutchess County, New York.

4. Defendant MICHAEL MCCORMICK filed objections to the Independence Party nominating petitions of plaintiff at the Dutchess County Board of Elections and, along with defendant TRACY MACKENZIE, was a petitioner to invalidate plaintiff's petitions in an action filed in New York State Court. Defendant MICHAEL MCCORMICK resides in Dutchess County.

5. Defendant New York State Board of Elections has Jurisdiction and "[is] responsible for, the execution and enforcement of . . . statutes governing campaigns, elections and related procedures" acting through its Commissioners, defendants PETER S. KOSINSKI, DOUGLAS A. KELLNER, GREGORY P. PETERSON, ANDREW J. SPANO. N.Y. Elec. L. § 3-104(1). The New York State Board of Elections maintains its offices at 40 North Pearl Street, 5th Floor, Albany New York 12207

6. The New York State Board of Elections and its Commissioners act pursuant to and under color of state law to ensure that local boards of elections across the State comply with and implement the election laws of the State of New York, including Section 6-132, which is challenged in this case.

7. Defendant Dutchess County Board of Elections, acting though its Commissioners, defendants MARCO CAVIGLIA and

ERIK HAIGHT, is responsible for implementing provisions of New York's Election Law, including enforcing Election Law § 6-132 and printing ballots for the upcoming Independence Party primary on September 10, 2015.

       8.   The Dutchess County Board of Elections maintains its offices at 47 Cannon Street, Poughkeepsie, New York 12601. As a local board of elections, the Dutchess County Board of Elections must implement Section 6-132 of the New York State Election Law, under the supervision and guidance of the New York State Board of Elections.

## JURISDICTION AND VENUE

       9.   The Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 2201.

       10.   Venue of this action is properly in this district, pursuant to 28 U.S.C. § 1391(b), on the grounds that a defendant may be found and resides in this district, and a substantial part of the events or omissions giving rise to the claims alleged herein occurred, and threaten to occur, in this district.

## FACTS

       11.   In the end of July and beginning of August, earlier this year, plaintiff circulated petitions to appear on the Independence Party line as a candidate for Judge of the Family Court in Dutchess County. Because those who carried her petitions were not members of the Independence Party, under New York State Election Law § 6-132, those individuals had to be

notaries public or commissioners of deeds.  N.Y. Elec. L. § 6-132.

12.  Longstanding case law has established that the Election Law does not require notaries to administer any type of formal oath of affirmation.  Instead, it requires only that they take reasonable measures to ensure that the information on a petition is correct.  In fact, it is sufficient for a notary to make an effort to obtain from the signatories a mere acknowledgment as to the truthfulness of their statements.

13.  Because there is no oath or affirmation requirement, the requirement that only notaries or commissioners of deeds can carry petitions, if they are not members of the party whose petitions they are carrying, arbitrarily limits the pool of persons available to carry a judicial candidate's petitions.

14.  That provides a decided advantage to a party's endorsed judicial candidates and burdens every judicial candidate who is otherwise free to petition to run on a party line without, under New York State Election Law, first needing to seek any permission from that party itself.

15.  By reducing the number of people available to circulate petitions and precluding candidates from using witnesses of their choosing, the statute infringes on candidates' ability to disseminate their message and promote their political views, an ability intimately connected with their right of political association.

-4-

16. Because the notary requirement also infringes on the associational rights of candidates' non-notary supporters, who are prevented from inviting other voters to sign petitions on behalf of the candidates, Election Law § 6-132 imposes a severe burden on political speech and association and is subject to strict scrutiny.

17. The notary or commissioner of deeds requirement is arbitrary and serves no legitimate purpose.

18. The notary of commissioner of deeds requirement is subject to strict scrutiny and must be narrowly tailored to advance a compelling state interest.

19. Section 6-132 is not narrowly tailored because it arbitrarily limits those who can carry petitions for candidates such as plaintiff to notaries and to the rare party member who might be willing to work against his or her own party's endorsed candidates.

20. There are less restrictive means to accomplish the objective of ensuring that petitions are accurate.

21. For these reasons, Election Law section 6-132(3), which requires non-party witnesses to be notaries or commissioners of deeds is unconstitutional on its face and as applied.

22. Applying Election Law § 6-132, defendants have caused plaintiff to be removed from the ballot or refuse to print her name on the ballot, for the Independence Party primary scheduled to occur on September 10, 2015.

23. Plaintiff has no adequate remedy at law.

CLAIMS FOR RELIEF

COUNT I
First and Fourteenth Amendments
Burden on Rights of Association and Speech

24. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

25. By reason of the foregoing, Defendants, acting under color of state law, have deprived and will deprive Plaintiff, and the voters of Dutchess County, of the rights, privileges and immunities secured to them under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, namely, the right to associate and to form political parties and to express their political viewpoint through the most basic of processes in our democracy: the right to run for public office as a candidate of a political organization, and the right to vote for the candidate as the candidate of that political organization.

COUNT II
Fifth and Fourteenth Amendments
Equal Protection

26. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

27. The disparate treatment of similarly situated organizations and candidates deprives plaintiff of the equal protection of the laws guaranteed her under the Fifth and Fourteenth Amendments.

COUNT III
Declaratory Judgment and Equitable Relief

28. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

29. The Court should enter a judgment declaring and determining that New York's Election Law Section 6-132 violates the United States Constitution, specifically the First, Fifth and Fourteenth Amendments, both facially and as applied to plaintiff.

30. It should also enter an order:

(A) declaring and determining that the requirements in New York State's Election Law that persons who are not members of a political party may carry nominating petitions for candidates to run on that party's line only if they are notaries public or commissioners of deeds, as set forth, inter alia, in N.Y. Election Law § 6-132, violates the United States Constitution, specifically the First and Fourteenth Amendments, both facially and as applied to plaintiff;

(B) enjoining defendants PETER S. KOSINSKI, DOUGLAS A. KELLNER, GREGORY P. PETERSON, ANDREW J. SPANO, MARCO CAVIGLIA and ERIK HAIGHT from implementing and enforcing New York's Election Law § 6-132 and any relevant policy guidance or rules intended to implement and to enforce this provision;

(C) directing defendants MARCO CAVIGLIA and ERIK HAIGHT, as Commissioners of the Dutchess County Board of Elections, to place plaintiff Lisa Ghartey's name on the ballot for the September 10, 2015, Independence Party primary for Family Court Judge in Dutchess County; and

(D) directing, with respect to defendants, such other and further relief as the Court may deem just and proper, together with an award to plaintiff of her costs and disbursements associated with the filing and maintenance of this action, including an award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, plaintiff demands judgment against the defendants as stated above and, as against all defendants, such other and further relief as the Court deems just and proper.

Dated:   White Plains, New York
         August 24, 2015

_____
ALEXANDER E. EISEMANN
Counsel for Plaintiff
   Lisa Ghartey
20 Vesey Street, Suite 400
New York, New York 10007
(212) 420-8300